IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ALLEN E. SMITH

    Plaintiff, individually and on behalf of all other persons and entities similarly situated,

vs.

JAY-BEE OIL & GAS, INC., JAY-BEE PRODUCTION COMPANY, JB EXPLORATION I, LLC, JAY-BEE ROYALTY, LLC, and RANDALL J. BRODA

    Defendants.

5:20-CV-101 (Bailey)

ELECTRONICALLY FILED
May 22 2020
U.S. DISTRICT COURT
Northern District of WV

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Jay-Bee Oil & Gas, Inc., Jay-Bee Production Company, JB Exploration I, LLC, Jay-Bee Royalty, LLC, and Randall J. Broda (collectively, "Jay-Bee Defendants") hereby remove this civil action from the Circuit Court of Tyler County, West Virginia to the United States District Court for the Northern District of West Virginia pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d)(2), and under 28 U.S.C. §§1441(a) and 1446.

### I.    BACKGROUND AND PROCEDURAL HISTORY

1. On January 17, 2020, Plaintiff Allen E. Smith ("Plaintiff") filed a putative class action in the Circuit Court of Tyler County, West Virginia (the "Complaint").[1] The Complaint was designated as Civil Action No, 20-C-2H.[2] Plaintiff requested a trial by jury. The Jay-Bee Defendants other than Randall Broda ("Broda") were served on or about January 21, 2020, and

---

[1] Complaint at 1.
[2] *Id.*

1

4828-2606-8157.3

they have appeared and answered in the state court proceeding. Defendant Randall Broda ("Broda") was served on May 21, 2020 and has not yet answered.

2. Plaintiff alleges that Jay-Bee Defendants unlawfully deducted post-production expenses from royalty payments owed to Plaintiff and putative class members in violation of the express terms and conditions of their respective oil and gas leases.[3] Plaintiff asserts causes of action for breach of contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, conversion, misrepresentation, fraud and concealment, civil conspiracy, and negligence.

3. Plaintiff seeks to represent all individuals and entities who "own oil and gas rights in West Virginia in their entirety or a fractional interest thereof; who have entered into oil and gas leases with the Companies and Broda, and/or to which the Companies and Broda have otherwise been assigned rights and responsibilities under and pursuant to said leases; and under such leases there have been improper and unlawful deductions of postproduction expenses from royalty payments made to Plaintiff and all Class Members."[4]

4. Plaintiff, on behalf of himself and putative class members, seeks the following damages: (1) compensatory damages, (2) punitive damages, (3) costs and litigation expenses, including attorneys' fees, (4) pre-judgment and post-judgment interest, (5) equitable and injunctive relief, and (6) such other and further relief that may be appropriate.[5] The Complaint does not allege any specific damage amounts on an individual or class basis.

5. As required by 28 U.S.C. § 1446(a), the process, pleadings, and orders served upon Jay-Bee Defendants are attached hereto as Exhibit A. Pursuant to LR Gen P 5.01(c), a certified

---

[3] *See* Complaint ¶¶ 14-21.
[4] *Id.* ¶ 24.
[5] *Id.* ¶ 31, at 11.

state court record will be filed with the Court within twenty-one (21) days of the filing of this Notice of Removal.

## II. JURISDICTION

6. This Court has original jurisdiction over this action pursuant to CAFA. *See* 28 U.S.C. § 1332(d)(2). CAFA gives federal district courts original jurisdiction over civil actions that meet three requirements: (1) at least one plaintiff and one defendant are citizens of different states (minimal diversity); (2) the putative class must have more than 100 members (numerosity); and (3) the amount in controversy exceeds five million dollars ($5,000,000) in the aggregate, exclusive of interest and costs (amount in controversy). *Id.*; *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). A "class action" is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

7. Any civil action over which a federal court would have original jurisdiction may be removed from state court to that federal court by the defendant. 28 U.S.C. § 1441(a). A defendant seeking removal must file a notice of removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, containing a "short and plain statement of the grounds for removal," in the federal district court for the district and division in which the action is pending. 28 U.S.C. § 1446(a). If a case is not removable at the initial pleading but later becomes removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

8. A defendant sued in a class action in a state court is presumptively entitled to remove the proceedings to federal court when the three CAFA requirements are satisfied.

*Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 330 (4th Cir. 2019) (citing 28 U.S.C. §1453(b)). The statutory grant of removal of class actions under section 1453(b) removes at least three traditional limitations on removal. First, section 1453 allows a defendant to remove a case filed in its home forum. *See Palisades Collections LLC v. Shorts*, 552 F.3d 327, 331 (4th Cir. 2008) (citing 28 U.S.C. § 1441(b)). Second, the statute allows removal "by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). Third, class actions are not limited by the usual rule that civil actions cannot be removed more than one year after commencement in state court. *See Palisades Collections*, 552 F.3d at 331; *see also* 28 U.S.C. § 1446(c)(1); 28 U.S.C. § 1453(b).

### A. Diversity of Citizenship

9. Under CAFA, the diversity of citizenship sufficient to confer original jurisdiction on the federal courts is "minimum diversity." *See* 28 U.S.C. § 1332(d)(2)A); *Johnson v. Advance Am.*, 549 F.3d 932, 936 (4th Cir. 2008). This requirement is satisfied so long as any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A); *Johnson*, 549 F.3d at 935-36. "Class members" are the persons, named or unnamed, who fall within the definition of the proposed class in a class action. 28 U.S.C. § 1332(d)(1)(D).

10. According to the Complaint, Plaintiff is a citizen of the State of West Virginia.[6] Defendant Broda is a citizen of the State of Florida.[7] Thus, the requirement of minimum diversity is satisfied. Additionally, or in the alternative, the Complaint's definition of the putative class includes members who are citizens of states other than West Virginia. The Jay-Bee Defendants are citizens of West Virginia, also satisfying the requirements of minimal diversity.

---

[6] Complaint ¶ 1.
[7] *Id.* ¶ 7.

4828-2606-8157.3

### B.    <u>Number of Class Members</u>

11.    As noted above, the putative class in this action consists of "individuals and entities, like Plaintiff, who own oil and gas rights in West Virginia in their entirety or a fractional interest thereof; who have entered into oil and gas leases with [the Jay-Bee Defendants], and/or to which [the Jay-Bee Defendants] have otherwise been assigned rights and responsibilities under and pursuant to said leases; and, under said leases there have been improper and unlawful deductions of post-production expenses from royalty payments made to Plaintiff and all Class Members."[8] This putative class includes more than 100 putative members. Jay-Bee Defendants have reviewed the records relating to oil and gas leases in West Virginia. Those records reflect that there are far more than one hundred individuals and entities who fall within the class definition described in the Complaint. In the complaint, Plaintiff concedes that the proposed class includes "hundreds of individuals and entities…"[9]

12.    The putative class is comprised of 100 or more members and satisfies CAFA's numerosity requirement.

### C.    <u>Amount in Controversy</u>

13.    The amount in controversy for removal purposes "is what the plaintiff claims or demands, rather than an estimation of the plaintiff's likely recovery if he prevails." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 968 (S.D. W. Va. 2011). Thus, for purposes of removal, the Court must assume that Plaintiff will succeed in recovering that which he demands in the Complaint on behalf of himself and the classes of individuals he seeks to represent. *Id.* at 967 ("The amount in controversy is not what the plaintiffs, his lawyer, or some judge thinks a jury would award the

---

[8] *Id.* ¶ 24.
[9] *Id.* ¶ 26.

5

4828-2606-8157.3

plaintiff assuming he prevails on the merits. It is what the plaintiff claims to be entitled to or demands.").

14. The claims of putative class members "shall be aggregated" to determine whether the jurisdictional minimum of $5,000,000 has been met. *See* 28 U.S.C. § 1332(d)(2), (d)(6); *see also Moffitt v. Residential Funding Co., LLC*, 604 F.3d 156, 158 (4th Cir. 2010).

15. In this case, Plaintiff has not alleged any specific damage amounts on an individual or class basis. Instead, Plaintiff asserts various causes of action under West Virginia law, including breach of contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, conversion, misrepresentation, fraud and concealment, civil conspiracy, and negligence.[10] Based on these claims, Plaintiff, on behalf of himself and the putative class, seeks compensatory damages, punitive damages, equitable and injunctive relief, interest, attorneys' fees, and litigation costs and expenses.[11] With no damage figure included in the Complaint, Plaintiff makes only a general request for an award of damages.

16. Actual evidence is not required to show that the minimal amount in controversy is met, and reasonable extrapolations from the parties' assertions will suffice. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010); *Hayes v. Equitable Energy Resources, Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Jay-Bee Defendants have reviewed the records relating to individuals and entities who meet the definition of the putative class, as defined by Plaintiff. Those records reflect that the amount in controversy (the aggregated alleged damages claimed for the class) is at least $5,000,000, exclusive of interest and costs. This does not include punitive damages, attorneys' fees, and other damages requested in the Complaint on behalf of Plaintiff and the putative class. Jay-Bee Defendants arrived at this number by calculating the value of post-

---

[10] *Id.* ¶ 22.
[11] *Id.* at 10-11.

production expenses that Plaintiff claims were improperly factored into royalty payments paid to the entities and individuals in the class, as defined in the Complaint.

17. Plaintiff's alleged damages, in the aggregate, exceeds the five million dollars ($5,000,000) amount in controversy threshold for CAFA removal.

18. Because all three criteria for removal are met, this Court has original jurisdiction under CAFA.

### III. VENUE

19. This case has been removed from the Circuit Court of Tyler County, West Virginia.

20. The Circuit Court of Tyler County, West Virginia is located in the territory covered by the Northern District of West Virginia, Wheeling Division.

21. Thus, venue properly lies in the United States District Court for the Northern District of West Virginia, Wheeling Division. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 129(a).

### IV. REMOVAL IS TIMELY

22. As courts have recognized, under CAFA there are essentially two thirty-day windows for removal. *See* 28 U.S.C. §1446(b)(1) and (3). Under section 1446(b)(1), a defendant has thirty days to file a notice of removal "after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief." However, "if the case stated by the initial pleading is not removable," section § 1446(b)(3) provides that "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Graiser v. Visionworks of America, Inc.*, 819 F.3d 277, 283 (6th Cir. 2016) (the thirty-day clock for removal under § 1446(b) begins to run "only when the defendant receives a document from the plaintiff from which the defendant can

4828-2606-8157.3

unambiguously ascertain CAFA jurisdiction."). In either event, removal must be evident from the face of the document to trigger either of the thirty-day periods. *See Lovern v. GMC*, 121 F.3d 160, 162 (4th Cir. 1997) (noting that the grounds for removal must be apparent within the four corners of the initial pleading or subsequent paper); *Lijkel Dijkstra v. Carenbauer*, No. 5:11CV152, 2012 U.S. Dist. LEXIS 60556, *14-15 (N.D. W. Va.) ("[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." (quoting *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (9th Cir. 2005)); *see also Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143-45 (2d Cir. 2014) (holding that "the removal clocks of 28 U.S.C. § 1446(b) are not triggered until the plaintiff serves the defendant with an initial pleading or other document that explicitly specifies the amount of monetary damages sought or set forth facts from which an amount in controversy" that meets the statutory requirement can be ascertained); *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 75 (1st Cir. 2014); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823-24 (7th Cir. 2013). Where neither the Complaint, nor any other paper from the Plaintiff, unambiguously demonstrates CAFA jurisdiction exists, neither thirty-day window for removal begins to run, and the defendants are free to remove if jurisdiction under CAFA is otherwise satisfied. *Graiser*, 819 F.3d at 284-85; *Cutrone*, 749 F.3d at 145; *Romulus*, 770 F.3d at 76; *Walker*, 727 F.3d at 824; *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140–41 (9th Cir. 2013); *Gibson v. Clean Harbors Environmental Services, Inc.*, 840 F.3d 515, 519-21 (8th Cir. 2016).

23.     In this case, neither of the thirty-day deadlines have begun to run. Jay-Bee Defendants could not ascertain the removability of this case under CAFA based on the four corners of the Complaint or any document provided by Plaintiff in this case. Plaintiff failed to disclose a specific number of putative class members in the class action. Plaintiff also failed to disclose or

detail a specific amount of alleged damages, whether individually or collectively as a class. Accordingly, Jay-Bee Defendants undertook their own investigation to determine the size of the putative class and the amount in controversy. Because Jay-Bee Defendants' own investigation, and not any paper filed in this case, provided basis for removal, Jay-Bee Defendants are not bound by the two thirty-day periods set forth in Section 1446(b)(1) and (b)(3). Atkins v. AT&T Mobility Services, LLC, 2:18-CV-00599, 2019 WL 5190971, at *7 (S.D.W. Va. Oct. 15, 2019) (defendant was permitted to remove at any time upon discovery, by its own investigation, removability under CAFA); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013); *Cutrone*, 749 F.3d at 147 ("Section 1446(b) imposes a time limit only in cases in which the plaintiff's initial pleading or subsequent document has explicitly demonstrated removability. Defendants are permitted to remove outside of these time periods when the time limits of 28 U.S.C. §1446(b) are not triggered.").

24. Even if the Complaint or other paper served by Plaintiff did on its face provide the grounds for removal, the time for removal has not expired. Plaintiff served Randall Broda on May 21, 2020. Section 1446(b)(2)(C) provides that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. §1446(b)(2)(C). Defendant Broda is filing this notice of removal, and all other Jay-Bee Defendants hereby consent to and join in that removal.

25. Thus, Jay-Bee Defendants' removal of this case is timely.

### V. NOTICE TO CLERK AND ADVERSE PARTIES

26. In accordance with 28 U.S.C. § 1446(d), Jay-Bee Defendants have given contemporaneous written notice of this Notice of Removal to all adverse parties and the clerk for the Circuit Court of Tyler County, West Virginia. *See* Exhibit B (State Court Notice of Removal).

27. All Defendants consent to removal.

DATED: May 22, 2020.

Respectfully submitted,

**BAILEY & WYANT, PLLC**

By: */s/ Charles R. Bailey*
Charles R. Bailey (WV Bar No. 0202)
cbailey@baileywyant.com
500 Virginia Street East, Suite 600
P.O. Box 3710
Charleston, West Virginia 25337-3710
Telephone: (304) 345-4222
Facsimile: (304) 343-3133

**FOLEY & LARDNER LLP**

David M. Bates
Texas Bar No. 01899950
dbates@foley.com
Michael D. Leffel
Wisconsin Bar No. 1032238
mleffel@foley.com
Rhonda Weiner
Texas Bar No. 24047732
rweiner@foley.com
Shane McDonald
Texas Bar No. 24092797
smcdonald@foley.com
1000 Louisiana Street, Suite 2000
Houston, Texas 77002-2099
Telephone: (713) 276-5500
Facsimile: (713) 276-5555

**ATTORNEYS FOR DEFENDANTS JAY-BEE OIL & GAS, INC., JAY-BEE PRODUCTION COMPANY, JB EXPLORATION I, LLC,**

4828-2606-8157.3

                                    **JAY-BEE ROYALTY, LLC, AND RANDALL J. BRODA**

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system and provided notice to the counsel for Plaintiffs listed below by facsimile and email, with hard copies to follow:

Timothy R. Linkous, Esq.
Jenny L. Hayhurst, Esq.
Linkous Law, PLLC
179 Hanalei Drive, Suite 100
Morgantown, WV 26508
Email: tim@linkouslawpllc.com
Facsimile: (304) 291-2840

J. Michael Benninger, Esq.
Benninger Law, PLLC
P. O. Box 623
Morgantown, WV 26507
Email: mike@benningerlaw.com
Facsimile: (304) 241-1857

                                              */s/ Charles R. Bailey*
                                              Charles R. Bailey