IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

| | |
|---|---|
| ALLEN E. SMITH<br><br>    Plaintiff, individually and on behalf of all other persons and entities similarly situated,<br><br>vs.<br><br>JAY-BEE OIL & GAS, INC., JAY-BEE PRODUCTION COMPANY, JB EXPLORATION I, LLC, JAY-BEE ROYALTY, LLC, and RANDALL J. BRODA<br><br>    Defendants. | Case No. 5:20-CV-101<br><br><br><br>Hon. Judge John P. Bailey |

### DEFENDANT RANDALL J. BRODA'S ANSWER AND DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Randall J. Broda ("Defendant"), by and through his counsel, pursuant to Federal Rule of Civil Procedure 12, without admission of the legal sufficiency thereof and responding only to the factual allegations therein, states as follows for his Answer and Defenses to Plaintiff Allen E. Smith's ("Plaintiff") Class Action Complaint (the "Complaint"):

### DEFENDANT'S ADMISSIONS AND DENIALS

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint. To the extent that a response is required, Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint. To the extent that a response is required, Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits in part and denies in part the allegations in Paragraph 8 of the Complaint. Defendant admits that he is engaged in various elements of the natural gas industry in West Virginia. Defendant admits that Jay-Bee Oil & Gas, Inc., Jay-Bee Production Company, JB Exploration I, LLC, and Jay-Bee Royalty, LLC are independently engaged in various stages and segments of the natural gas industry in West Virginia. Defendant denies the remainder of the allegations in Paragraph 8 of the Complaint.

9. Defendant admits in part and denies in part the allegations in Paragraph 9 of the Complaint. Defendant admits that he has been involved in the oil and gas industry in West Virginia since 1982. Defendant denies the remainder of the allegations in Paragraph 9 of the Complaint.

10. Defendant admits in part and denies in part the allegations in Paragraph 10 of the Complaint. Defendant admits that he serves as president of Jay-Bee Oil & Gas, Inc. and Jay-Bee Production Company. Defendant admits that he serves as managing member of JB Exploration I, LLC and Jay-Bee Royalty, LLC. Defendant admits he is the majority shareholder of Jay-Bee Oil & Gas, Inc., Jay-Bee Production Company, JB Exploration I, LLC, and Jay-Bee Royalty, LLC. Defendant denies the remainder of the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11, as worded, because the allegations pertain to the state court action initiated by Plaintiff in the Circuit Court of Tyler County, West Virginia. Defendant admits that this Court, the United States District Court for the Northern District of West Virginia, has personal jurisdiction over Defendant as well as Jay-Bee

Oil & Gas, Inc., Jay-Bee Production Company, JB Exploration I, LLC, and Jay-Bee Royalty, LLC. Defendant admits that this Court has subject matter jurisdiction over the claims presented in the Complaint under 28 U.S.C. § 1332(d).

12. Defendant denies the allegations in Paragraph 12, as worded, because the allegations pertain to the state court action initiated by Plaintiff in the Circuit Court of Tyler County, West Virginia. Defendant admits that proper venue lies in this Court, the United States District Court for the Northern District of West Virginia.

13. Defendant admits in part and denies in part the allegations in Paragraph 13 of the Complaint. Defendant admits that Jay-Bee Production Company and JB Exploration I, LLC entered into oil and gas leases with various lessors. Defendant admits that these oil and gas leases contain contractual terms relating to royalty payments. Defendant denies the remainder of the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint and each of its corresponding subparagraphs.

24. Defendant denies the allegations in Paragraph 24 of the Complaint

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint and each of its corresponding subparagraphs.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains allegations of the amount of damages to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

33. The Court lacks personal jurisdiction over putative class members and/or the claims alleged on their behalf by Plaintiff.

### SECOND DEFENSE

34. Plaintiff and/or some of the putative class members lack standing to pursue their claims against Defendant.

4820-8682-8223.1

## THIRD DEFENSE

35. Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

## FOURTH DEFENSE

36. Plaintiff fails to state a claim against Defendant upon which relief may be granted and should be dismissed. Additionally, Plaintiff failed to plead the claim of fraud with the requisite level of particularity.

## FIFTH DEFENSE

37. This Court may be an improper forum for a number of the claims asserted by Plaintiff because the claims are subject to binding arbitration pursuant to valid and enforceable arbitration agreements. *See American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 96 (4th Cir. 1996).

## SIXTH DEFENSE

38. Plaintiff fails to satisfy the prerequisites and requirements associated with seeking a class action, maintaining a class action, and/or serving as a class representative. Further, Plaintiff's claims, theories of liability, and purported damages are not suitable for class treatment. Plaintiff fails to meet the requirements of Federal Rule of Civil Procedure 23.

## SEVENTH DEFENSE

39. Defendant asserts that the claims asserted in the Complaint are barred, in whole or in part, by the following affirmative defenses and doctrines: waiver, release, settlement, accord and satisfaction, laches, unclean hands, setoff, and recoupment.

4820-8682-8223.1

### EIGHTH DEFENSE

40. Defendant has acted at all times and in all respects in good faith and with due care with respect to the matters raised in the Complaint.

### NINTH DEFENSE

41. Plaintiff's claims, in whole or in part, must fail due to a lack of privity.

### TENTH DEFENSE

42. Any and all damages claimed in the Complaint were not caused by the fault, lack of care, negligence, or breach of duty of or by Defendant.

### ELEVENTH DEFENSE

43. Defendant asserts the affirmative defenses of modification and ratification. The contractual agreements at issue have been modified and/or ratified by the course of performance, course of dealings, or otherwise, and, as such, any payments, deductions, or amounts withheld were reasonable and appropriate under the respective agreements, circumstances, and controlling law. Moreover, Plaintiff's claims are barred, in whole or in part, by Plaintiff's consent to conduct forming the basis of his claims.

### TWELFTH DEFENSE

44. Defendant did not act with actual malice, reckless indifference, reckless disregard or extreme reckless conduct, and, as such, any award of punitive damages is barred. Further, based on the allegations the Complaint, punitive damages are barred under West Virginia common law, statutory law, and public policy.

### THIRTEENTH DEFENSE

45. Defendant asserts the affirmative defense of estoppel. At all times that Plaintiff accepted payments pursuant to or under the contractual agreements at issue, Plaintiff, and those

persons and entities similarly situated, if any, were or should have been aware of all material facts concerning the level and calculation of any payments received and the terms of the applicable contractual agreements. On this basis, Plaintiff is barred and estopped from maintaining this action.

## FOURTEENTH DEFENSE

46. Plaintiff's claims, in whole or in part, are barred by the economic loss rule.

## FIFTEENTH DEFENSE

47. Plaintiff is not entitled to attorneys' fees under West Virginia common law. Moreover, Plaintiff is not entitled to attorneys' fees pursuant to any contractual agreement at issue. Therefore, the request for attorneys' fees in the Complaint must fail.

## SIXTEENTH DEFENSE

48. Plaintiff is not entitled to equitable relief because he has an adequate remedy at law.

## SEVENTEENTH DEFENSE

49. Plaintiff is not entitled to pre-judgment interest under West Virginia common law. Moreover, Plaintiff is not entitled to pre-judgment interest pursuant to any contractual agreement at issue. Therefore, the request for pre-judgment interest in the Complaint must fail.

## EIGHTEENTH DEFENSE

50. Any award for punitive damages would violate the principles of procedural due process, substantive due process, and prohibitions against excessive fines contained and described within the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and Article Three of the Constitution of the State of West Virginia. In the alternative, any procedure to be employed in addressing claims for punitive damages must be conformed to the principles of Due Process set out in *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *Exxon*

*Shipping Co. v. Baker*, 554 U.S. 471 (2008); *Philip Morris U.S.A. v. Williams*, 549 U.S. 346 (2007); and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). In this case, an award for punitive damages would be improper because such requirements cannot be satisfied.

NINETEENTH DEFENSE

51. Any award of punitive damages is barred unless the trial is bifurcated and all issues relating to punitive damages are tried only if and after liability on the merits has been found. *See Mattison v. Dallas Carrier Corp.*, 97 F.2d 95, 110 (4th Cir. 1991) (court can bifurcate liability and compensatory damages from punitive damages if evidence relevant to punitive damages would be prejudicial).

52. Defendant reserves the right to amend his Answer, file further pleadings, and to assert additional defenses, including affirmative defenses, and counterclaims following additional discovery and investigation of the issues raised in this action and the Complaint.

WHEREFORE, Defendant Randall J. Broda demands judgment against Plaintiff Allen E. Smith dismissing the Complaint in its entirety with prejudice as against Defendant; awarding Defendant the reasonable costs of this action, including reasonable attorneys' fees, and granting Defendant such other and further relief as the Court deems just and proper.

DATED:	June 12, 2020.

Respectfully submitted,

**BAILEY & WYANT, PLLC**

By: */s/ Charles R. Bailey*
Charles R. Bailey (WV Bar No. 0202)
cbailey@baileywyant.com
Brent D. Benjamin (WV Bar No. 307)
bbenjamin@baileywyant.com
500 Virginia Street East, Suite 600
P.O. Box 3710
Charleston, West Virginia 25337-3710
Telephone: (304) 345-4222
Facsimile: (304) 343-3133

**FOLEY & LARDNER LLP**

David M. Bates
Texas Bar No. 01899950
dbates@foley.com
Michael D. Leffel
Wisconsin Bar No. 1032238
mleffel@foley.com
Rhonda Weiner
Texas Bar No. 24047732
rweiner@foley.com
Shane McDonald
Texas Bar No. 24092797
smcdonald@foley.com
1000 Louisiana Street, Suite 2000
Houston, Texas 77002-2099
Telephone: (713) 276-5500
Facsimile: (713) 276-5555

**ATTORNEYS FOR DEFENDANTS
JAY-BEE OIL & GAS, INC., JAY-BEE
PRODUCTION COMPANY,
JB EXPLORATION I, LLC,
JAY-BEE ROYALTY, LLC, AND
RANDALL J. BRODA**

4820-8682-8223.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2020, I electronically filed the foregoing **Answer to Plaintiff's Class Action Complaint** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including the following:

Timothy R. Linkous (WV Bar No. 8572)
LINKOUS LAW, PLLC
179 Hanalei Drive, Suite 100
Morgantown, West Virginia 26508
(304) 554-2400

J. Michael Benninger (WV Bar No. 312)
BENNINGER LAW, PLLC
P.O. Box 623
Morgantown, West Virginia 26507
(304) 241-1856

*/s/ Charles R. Bailey*
Charles R. Bailey