```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                           WHEELING
```

BRENDA LEA HOPPER and DEBRA LYNN KURIFS,
Co-Executrixes of ALLEN E. SMITH'S ESTATE,
RICHARD L. ARMSTRONG,
and DONALD R. REYNOLDS, individually
and on behalf of all other
persons and entities similarly
situated,

       Plaintiffs,

v.               Civil Action No. 5:20-cv-101 (LEAD) (BAILEY)

JAY-BEE OIL & GAS, INC., a
West Virginia corporation;
JAY-BEE PRODUCTION COMPANY,
a West Virginia corporation;
JB EXPLORATION I, LLC, a
West Virginia limited
liability company; JAY-BEE
ROYALTY, LLC, a West Virginia
limited liability company;
ABACUS UNION, LLC, a West Virginia
Limited liability company; JBU, LLC,
a West Virginia limited liability
company; BB LAND, LLC, a West
Virginia limited liability company;
JB EXPLORATION II, LLC, a New
Jersey limited liability company;
DMRB SERVICES, LLC, a New Jersey
Limited Liability company;
RANDALL J. BRODA; DEBORAH V. BRODA-MORGAN;
and any other person or entity
affiliated with, interested in,
or claiming any right or benefit
of the subject leases,

       Defendants.

           and

Judith E. Ash-Young, individually
and on behalf of all other

persons and entities similarly
situated,

          Plaintiffs,

v.               Civil Action No. 5:20-cv-110(BAILEY)

JAY-BEE OIL & GAS, INC., a
West Virginia corporation;
JAY-BEE PRODUCTION COMPANY,
a West Virginia corporation;
JB EXPLORATION I, LLC, a
West Virginia limited
liability company; JAY-BEE
ROYALTY, LLC, a West Virginia
limited liability company;
ABACUS UNION, LLC, a West Virginia
Limited liability company; JBU, LLC,
a West Virginia limited liability
company; BB LAND, LLC, a West
Virginia limited liability company;
JB EXPLORATION II, LLC, a New
Jersey limited liability company;
DMRB SERVICES, LLC, a New Jersey
Limited Liability company;
RANDALL J. BRODA; DEBORAH V. BRODA-MORGAN;
and any other person or entity
affiliated with, interested in,
or claiming any right or benefit
of the subject leases,

          Defendants.

---

### FIRST AMENDED CLASS ACTION COMPLAINT

---

       Plaintiffs Brenda Lea Hopper and Debra Lynn Kurifs, Co-Executrixes of Allen E. Smith's Estate, Judith E. Ash-Young, Richard L. Armstrong, and Donald R. Reynolds("Plaintiffs"), by counsel, bring this action on behalf of themselves and all other similarly situated persons, companies, and entities ("Class

Members") and hereby allege, upon personal knowledge, information, and belief, and upon reasonable investigation by counsel, that substantial evidentiary support exists or will exist after reasonable opportunity for further investigation and discovery of evidence, as follows:

<u>**Parties**</u>

1.    Plaintiff Allen Smith is a citizen and resident of Wood County, West Virginia.

2.    Plaintiff Smith is the owner of certain mineral and oil and gas rights and interests in Tyler County, West Virginia, and is identified as the lessor in the Memorandum of Oil and Gas Lease of record in Book 578, at Page 63, in the Office of the Clerk of the County Commission of Tyler County, West Virginia.

3.    Plaintiff Allen Smith died on May 26, 2020, and Plaintiffs Brenda Lea Hopper and Debra Lynn Kurifs were appointed Co-Executrixes of Plaintiff Smith's Estate.

4.    Plaintiff Judith E. Ash-Young is a citizen and resident of Lawrence County, Ohio.

5.    Plaintiff Ash-Young is the owner of certain mineral and oil and gas rights and interests in Tyler County, West Virginia, and is identified as the lessor in the Memorandum of Oil and Gas Lease of record in Book 460, at Page 110, in the Office of the Clerk of the County Commission of Tyler County, West Virginia.

6.    Plaintiff Richard L. Armstrong is a citizen and resident of Harrison County, West Virginia.

7.    Plaintiff Armstrong is the owner of certain mineral and oil and gas rights and interests in Tyler County, West Virginia and is identified as the lessor in the Memorandum of Oil and Gas Lease of record in Book 217, at Page 443 and in the Memorandum of Oil and Gas Lease of record in Book 217, at Page 49, in the Office of the Clerk of the County Commission of Tyler County, West Virginia.

8.    Plaintiff Donald R. Reynolds is a citizen and resident of Harrison County, West Virginia.

9.    Plaintiff Reynolds is the owner of certain mineral and oil and gas rights and interests in Tyler County, West Virginia and is identified as the lessor in the Memorandum of Oil and Gas Lease of record in Book 217, at Page 492 in the Office of the Clerk of the County Commission of Tyler County, West Virginia and is the owner of certain mineral and oil and gas rights and interests in Doddridge County, West Virginia and is identified as the lessor in the Memorandum of Oil and Gas Lease of record in Book 352, at Page 688 in the Office of the Clerk of the County Commission of Doddridge County, West Virginia.

10.   The various leases' royalty clauses generally read as follows:

> The Lessee [Jay-Bee Production Company] shall deliver to the credit of the lessor free of cost, in the pipeline to which he may connect his wells, the equal one-eighth (1/8) part of all oil and gas produced and saved from leased premises, payable quarterly; provided, lessee shall pay lessor a royalty at the rate of fifty dollars per year on each gas well while, through lack of market, gas therefrom is not sold or used off the premises, and while said royalty is being so paid said well shall be held to be a paying well under paragraph 2 hereof.

11.   Defendant Jay-Bee Oil & Gas, Inc. ("JB Oil & Gas") is a West Virginia corporation which conducts business from its location in Cairo, Ritchie County, West Virginia.

12.   Defendant Jay-Bee Production Company ("JB Production") is a West Virginia corporation which conducts business from its location in Cairo, Ritchie County, West Virginia.

13.   Defendant JB Exploration I, LLC ("JB Exploration") is a West Virginia limited liability company which conducts business from its location in Cairo, Ritchie County, West Virginia.

14.   Defendant Jay-Bee Royalty, LLC ("JB Royalty") is a West Virginia limited liability company which conducts business from its location in Cairo, Ritchie County, West Virginia.

15.   Defendant Randall Broda (AKA Randy Broda)is a citizen and resident of Delray Beach, Palm Beach County, Florida.

16.   Defendant Deborah V. Broda-Morgan (AKA Debbie Morgan) is a citizen and resident of Jupiter, Palm Beach County, Florida.

17.   Defendant Abacus Union, LLC ("Abacus Union") is a West Virginia limited liability company which conducts business from its location in Bridgeport, West Virginia.

18.   Defendant JBU, LLC ("JBU") is a West Virginia limited liability company which conducts business from its location in Bridgeport, West Virginia.

19.   Defendant BB Land, LLC ("BB Land") is a West Virginia limited liability company which conducts business from its location in Bridgeport, West Virginia.

20.   Defendant JB Exploration II, LLC ("JB Exploration II") is a New Jersey limited liability company which conducts business from its location in Bridgeport, West Virginia.

21.   Defendant DMRB Services, LLC ("DMRB Services") is a New Jersey limited liability company which conducts business from its location in Cranford, New Jersey.

### Factual Allegations

22.   At all relevant times, JB Oil & Gas, JB Production, JB Exploration, JB Royalty, Abacus Union, JBU, BB Land, JB Exploration II, and DMRB Services("the Companies") conducted business, independently and jointly and in concert, by combining their property, leases, equipment, personnel, money, skill,

knowledge and management, as agents and partners of each other, in furtherance of their common undertaking, venture, and enterprise in leasing, extracting, producing, gathering, transporting, marketing, and selling natural gas, oil and natural gas liquids ("NGLs") from wells located in West Virginia pursuant to the leases they executed with Plaintiffs and Class Members.

23. At all relevant times, and since 1982, the Companies, and their predecessors in interests and affiliates, transacted and conducted business in leasing, extracting, producing, transporting, gathering, marketing, and selling natural gas, oil and NGLs from wells specifically located in Tyler County, Wetzel County, Doddridge County, Ritchie County, Gilmer County, Pleasants County and other counties within West Virginia.

24. At all relevant times, Randy Broda was the majority shareholder, managing member, and President and officer of the Companies - his alter ego; he was the individual with unity of interest with each of the Companies and was the person who directed, controlled, and ratified all activities, actions, and conduct of the Companies alleged to be wrongful, unlawful, knowing, willful, intentional, and tortious, as more fully set forth herein; and, as such, he is personally liable for all damages and losses sustained by Plaintiffs and Class Members.

25. At all relevant times, Debbie Morgan was an officer, member or owner of each of the Companies – her alter ego;

along with Randy Broda, she was an individual with unity of interest with each of the Companies and, along with Randy Broda, was the person who directed, controlled, and ratified all activities, actions, and conduct of the Companies alleged to be wrongful, unlawful, knowing, willful, intentional, and tortious, as more fully set forth herein; and, as such, he is personally liable for all damages and losses sustained by Plaintiffs and Class Members.

26.   Defendants JB Oil & Gas, JB Production, JB Exploration, JB Royalty, Abacus Union, JBU, BB Land, JB Exploration II, and DMRB Services are alter egos of one another.

27.   This Court is vested with subject matter and personal jurisdiction over the parties and claims presented in this civil action.

28.   This Court is the proper venue of and for this civil action.

### Facts Regarding the Illegal Production Pricing

29.   Upon information and belief, Defendants sold Plaintiffs' oil, gas and NGLs at lower and unreasonable prices in comparison with other exploration and production companies.

30.   By selling Plaintiffs' gas, oil and NGLs at these reduced prices, Defendants violated their implied duty to make a reasonable effort to market gas at a reasonable price.

31.   Plaintiffs were damaged by Defendants' breaches of these duties.

32.   Defendants have a duty of good faith to provide accurate information to Plaintiffs regarding Gross and Owner volume and value information, and to ensure lawful arms-length transactions as opposed to unlawful transactions behind the companies.

33.   In addition, at relevant times, the Companies and Broda, or one or more of them, neglected to provide material information on Plaintiffs' checks and statements regarding amounts of Gross or Owner volume and value. The Companies and Broda, or one or more of them, also provided Plaintiffs with inconsistent Gross and Owner volume and value information.

34.   At relevant times, the Companies and Broda, or one or more of them, provided Plaintiffs with inaccurate production date information.

35.   At relevant times, the Companies and Broda, or one or more of them, provided Plaintiffs with summary amounts demonstrating that deductions exceeded royalties.

36.   At relevant times, the Companies and Broda, or one or more of them, provided Plaintiffs with inconsistent and incomplete information on well production.

37.   Further, at relevant times, upon information and belief, the Companies and Broda, or one or more of them, used

inaccurate and improper sales prices to calculate Plaintiffs' and Class Members' royalty payments.

38.   Defendants' improper calculations led to lower royalty payments made to Plaintiffs and Class Members; thus Defendants breached their leases with Plaintiffs and Class Members and the Implied Covenant to Market.

39.   Plaintiffs and Class Members were damaged by Defendants' breaches of these duties.

**Facts Regarding the Illegal Deductions**

40.   At relevant times, Defendants made representations to Plaintiffs and Class Members as to material facts and terms and conditions, including the percentage royalty payments to be made to them and the deductions therefrom as expressed in each of the oil and gas leases executed by Plaintiffs and Class Members.

41.   The material representations by Defendants to Plaintiffs and Class Members were that the percentage royalty payments were to be calculated upon the gross production of oil and natural gas from each well drilled under each lease, and that there would be either: (a) no deduction made by the Companies for any post-production expenses or costs incurred, or (b) only limited post-production expenses or costs would be allowable.

42.   At all relevant times, Plaintiffs and Class Members reasonably relied upon the material representations made by Defendants to them, as stated above, and such representations

induced Plaintiffs and Class Members to execute each of the oil and gas leases.

43.   Contrary to the representations made to Plaintiffs and Class Members concerning the royalty payments to be made and the deductions allowable therefrom under each of their oil and gas leases and the express and implied terms thereof, Defendants have wrongfully, unlawfully, knowingly, willfully, intentionally, and negligently deducted, withheld, and converted substantial money to their individual, collective economic benefit without notice to Plaintiffs and Class Members; consequently, the material representations relied upon by Plaintiffs and Class Members were, and are, false. All oil and gas leases executed by Plaintiffs and Class Members constitute conveyances and written contracts under West Virginia law.

44.   Prior to the initiation of this civil action, Defendants knew, and were informed, that substantial deductions of money, representing post-production expenses, were being withheld and converted from royalty payments being made to Plaintiffs and Class Members, in violation of the express terms and conditions of each of their oil and gas leases.

45.   In spite of their knowledge of said deductions from royalty payments, Defendants, in conscious and outrageous disregard of the rights of Plaintiffs and Class Members, intentionally, maliciously, unlawfully, and fraudulently concealed

the fact that they were making such deductions from royalty payments in violation of the express and implied terms and conditions of each of the oil and gas leases.

46. At relevant times relating to the claims made in this civil action, Broda and others, acting for and on behalf of the Companies, conspired and acted in concert under a common plan and scheme in violation and breach of their trust relationship, obligations, duties, and responsibilities under the oil and gas leases with Plaintiffs and all Class Members.

47. As a result of the improper deductions from royalty payments being made by Defendants, the oil and gas leases executed by Plaintiffs and Class Members are conveyances without full and fair consideration having been paid and are contracts which have been breached.

**Count One**

**Class Claim for Breach of Contract**

48. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

49. Defendants have an affirmative duty to exercise reasonable diligence to market Plaintiffs' natural gas, oil and NGLs and to sell the products at a reasonable price.

50. Defendants have an affirmative duty to account for and pay Plaintiffs and the Class the true and correct royalties due to them by virtue of the above described Leases, the

contractual duty of good faith and fair dealing implied in all contracts, and by virtue of their duty and responsibility as an oil and gas lessee who is responsible for the production, marketing and sales of natural gas, oil, NGLs and/or all other byproducts.

51.   Defendants have an affirmative duty to pay to Plaintiffs and the Class the true and correct royalties due them by virtue of the Leases described above and/or by virtue of the duty of good faith and fair dealing in all contracts under West Virginia common law, and by virtue of the duty and responsibility of the lessee in any oil and gas lease who assumes the duty of handling the sales and accounting functions of the parties.

52.   Defendants have breached their duty to sell Plaintiffs' and the Class's natural gas, oil and NGLs at a reasonable price.

53.   Defendants have breached the terms of the Lease Agreements by failing to pay Plaintiffs and the Class the royalties they are owed from the production of the wells described above and by improperly utilizing the Weighted Average Sales Price ("WASP") determined by Defendants.

54.   Defendants have further breached the terms of the Lease by failing to pay Plaintiffs and the Class the correct royalties they are owed from the production of the wells described by calculating the royalties on inaccurate and improper sale figures.

55.  The Leases and contracts among Plaintiffs and the Class and Defendants do not allow for deductions from the gross revenue for expenses of operating the wells, transportation of natural gas, compression of natural gas, intercompany gathering charges, intercompany marketing charges, processing charges  or for any other reason in calculating the royalties due Plaintiffs and the Class.

56.  By wrongfully making the deductions from payment of royalties due Plaintiffs and the Class as described above, Defendants have breached the terms of the Lease contracts between them.

57.  Plaintiffs have performed all obligations pursuant to the subject Lease Agreements.

58.  Plaintiffs and the Class are entitled to damages for Defendants' failure to sell their oil and gas products at a reasonable price at the well side.

59.  Plaintiffs and the Class are entitled to damages for the wrongful deductions withheld and taken from their royalty payments.

60.  Plaintiffs and the Class are entitled to damages for the wrongful payment of royalties based upon inaccurate and improper sales figures.

## Class Action Allegations

61. Plaintiffs bring this action on behalf of themselves and the Class of similarly situated persons and entities, pursuant to Federal Rule of Civil Procedure 23(b)(3), consisting of:

> Persons and entities, including their respective successors and assigns, to whom Defendants, since May 21, 2010, have paid royalties, or have an obligation to pay royalties, under leases covering wells located in the State of West Virginia. ("Class Leases"). Excluded from the Class are: (1) agencies of the United States of America; (2) publicly traded oil and gas exploration companies; (3) Defendants, their current officers and employees; (4) any person whose royalty underpayment claim against Defendants is subject to a binding arbitration provision; and (5) any person who has been paid royalties by Defendants only under a lease which expressly provides each of the following: (a) the lessor shall bear some part of the costs incurred between the wellhead and the point of sale; (b) identifies with particularity the specific deductions the lessee may take; and (c) provides for a method of calculating the amount to be deducted from the lessor's royalty for post-production costs.

62. In addition, the claims and causes of action set forth above are appropriate to be certified and prosecuted as a class action pursuant to Rule 23, *Federal Rules of Civil Procedure,* because:

a. The class is so numerous that joinder of all members is impracticable;

b. There are questions of law or fact common to the class;

      c.    The claims made by Plaintiffs in this civil action are typical of the claims of all Class Members, and;

      d.    Plaintiffs will fairly and adequately represent and protect the interests of the class.

63.   The claims of Plaintiffs are typical of the claims of all Class Members, Plaintiffs will fairly and adequately represent and protect the interests of the Class Members with respect to all common issues of fact and law, and Plaintiffs have retained legal counsel to prosecute said civil action for and on behalf of themselves and all Class Members.

64.   Class Members include hundreds of individuals and entities who have leased their oil and gas rights to Defendants; and the class is therefore so numerous that joinder of all Class Members is impractical and would impose heavy burdens upon the Court.

65.   In addition, the prosecution of the claims presented in this civil action by all Class Members in separate actions would create a risk of varying adjudications with respect to individual members of the class, could be dispositive of interests of other members of the class not parties and/or may impede their ability to protect their interests, and/or Defendants have acted or refused to act on such grounds generally applicable to the class thereby making declaratory or injunctive relief appropriate for the whole class.

66.   There are questions of law, fact, and damages common to all Class Members which predominate over any questions affecting individual Class Members, including, but not limited to, the following:

a.   Whether Defendants marketed and sold Plaintiffs' products at a reasonable price at the well side?

b.   Whether the oil and gas leases entered into by Plaintiffs and all Class Members provide for deduction of post-production expenses to be made from their royalty payments?

c.   Do the deductions for post-production expenses from royalty payments constitute a breach of contract?

d.   Do the deductions for post-production expenses from royalty payments constitute breach of the implied covenant of good faith and fair dealing?

e.   Did Companies failure to sell Plaintiffs' and the Class's oil and gas at a reasonable price constitute a breach of contract?

f.   Did Companies failure to properly calculate Plaintiffs' and the Class's royalty payments constitute a breach of contract?

g.   Did the Companies, acting by and through their officials, agents, and employees, and Broda conspire to gain an economic advantage by improperly and unlawfully

deducting post-production expenses from royalty payments made to all Class Members?

h.   Did the Companies, acting by and through their officials, agents, and employees, and Broda conceal their improper and unlawful deductions of post-production expenses from royalty payments made to all Class Members?

i.   What damages are available to Class Members?

j.   Whether Plaintiffs and Class Members are entitled to an accounting of royalties paid and post-production expenses deducted therefrom?

k.   Such other factual or legal issues as are apparent from the allegations and causes of action alleged above.

67.   The difficulties in management of this case as a class action are outweighed by the benefits of disposing of common issues of law and fact as to the large number of litigants, and it is desirable to concentrate the litigation in one forum for the management of this civil action due to the number of cases filed, pending, or to be filed.

68.   The questions of law and facts common to the Class Members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this civil action.

69.   As a direct and proximate result of the negligent, intentional, and unlawful conduct and actions of Defendants, as aforesaid, Plaintiffs and all Class Members have sustained damages, losses, costs, and expenses including attorney fees, and are all entitled to relief as more fully set forth and requested below.

**WHEREFORE**, Plaintiffs, individually, and for and on behalf of all Class Members, demand an award of damages and judgment for equitable, injunctive, and declaratory relief, against the Companies and Broda, jointly and severally, as set forth below:

A.   Actual and compensatory damages in an amount to be determined by the Court and jury;

B.   The costs and disbursements of these actions, including attorney fees;

C.   Prejudgment and post-judgment interest;

D.   Equitable and injunctive relief in the form of an accounting of all royalties paid and the post-production expenses deducted therefrom;

E.   That the Court finds this is an appropriate action to be certified and prosecuted as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Court finds that Plaintiffs and the undersigned legal

counsel are appropriate representatives and appropriate

counsel for the class; and,

F.   Such other relief, as the Court deems just and proper.


**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES**


**BRENDA LEA HOPPER and DEBRA LYNN KURIFS, co-executrixes of ALLEN E. SMITH's ESTATE, JUDITH E. ASH-YOUNG, RICHARD L. ARMSTRONG, and DONALD R. REYNOLDS, individually and on behalf of all other persons and entities similarly situated,**

Plaintiffs,
By Counsel,



/s/ Brian R. Swiger
Brian R. Swiger (WVSB #5872)
Brian A. Glasser (WVSB #6597)
Jonathan R. Marshall (WVSB #10580)
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV  25301
T:  (304) 345-6555
F:  (304) 342-1110
bswiger@baileyglasser.com
bglasser@baileyglasser.com
jmarshall@baileyglasser.com

Timothy R. Linkous (WVSB #8572)
Jenny L. Hayhurst (WVSB #11752)
**Linkous Law, PLLC**
179 Hanalei Drive, Suite 100
Morgantown, West Virginia 26508
Facsmile: (304) 291-2840
tim@linkouslawpllc.com

J. Michael Benninger (WVSB #312)
**Benninger Law, PLLC**
Post Office Box 623
Morgantown, West Virginia 26507
Facsimile: (304) 241-1857
mike@bennigerlaw.com

and

William E. Ford III (WVSB # 1246)
**FORD LAW OFFICE**
217 East Main St.
Clarksburg, WV  26301
Telephone: (304) 626-3116
Facsimile: (304) 626-3300
clarksburgwvlawyer@gmail.com

*Counsel for Plaintiffs*