IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

BRENDA LEA HOPPER, et al.,
individually and on behalf of
other persons and entities similarly situated,

*Plaintiffs,*

and

JUDITH E. ASH-YOUNG, individually and
on behalf of all other persons and entities
similarly situated,

*Plaintiff,*

vs.

JAY-BEE OIL & GAS, INC., *et al.,*

*Defendants.*

Case No. 5:20-cv-101 (Lead)
(Consolidated with 5:20-cv-110)
Hon. Judge John P. Bailey

## PRELIMINARY APPROVAL ORDER

Plaintiffs Brenda Lea Hopper and Debra Lynn Kurfis, as Executrixes of the Estate of Allen Smith, Richard L. Armstrong, Donald R. Reynolds, and Judith E. Ash-Young, (collectively, "Plaintiffs") have moved for preliminary approval of a proposed class action settlement which would resolve Plaintiffs' claims against Defendants Jay-Bee Oil & Gas, Inc., JB Exploration I, LLC, JB Exploration II, LLC, Jay-Bee Production Company, BB Land, LLC, Jay-Bee Royalty, LLC, JBU, LLC, Abacus Union, LLC, and DMRB Services, LLC (the "Jay-Bee Companies"); Deborah V. Broda-Morgan ("Broda-Morgan"); and Randall J. Broda in his individual capacity, the Estate of Randall J. Broda, and/or Peter Sachs as Administrator Ad Litem of the Estate of Randall J. Broda (the "Estate") (collectively, "Settling Defendants"). Upon consideration of the

motion, the two Settlement Agreements at issue, and exhibits thereto, the Court **GRANTS** preliminary approval of the Settlements, finding specifically as follows:[1]

## I. Jurisdiction

1. The Court preliminarily finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

## II. Certification of Settlement Class

2. Under Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies the following "Settlement Class" (the persons and entities included are referred to herein as the "Settlement Class Members") as to both of the proposed settlements, consisting of:

> All persons and entities, including their respective successors and assigns, who, since May 21, 2010, were paid or due royalties from Defendants under leases pertaining to the wells identified in Exhibit A [to the Settlement Agreements] located in the State of West Virginia (the "Class Leases"). Excluded from the Class are: (1) agencies of the United States of America; (2) publicly traded oil and gas exploration companies; (3) Defendants, their corporate affiliates, and their current officers and employees; (4) any person whose royalty underpayment claims against Defendants is subject to a binding arbitration provision.

## III. Class Representatives and Class Counsel

3. The Court continues its appointment of Plaintiffs Brenda Lea Hopper and Debra Lynn Kurfis, as Executrixes of the Estate of Allen Smith, Richard L. Armstrong, Donald R. Reynolds, and Judith E. Ash-Young as Class Representatives for purposes of effectuating the proposed Settlements.

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in either Plaintiffs' motion for preliminary approval and/or the Settlement Agreements have the same meaning as set forth in those documents.

4. Under Rule 23(g), the appointment of following attorneys and firms as Class Counsel is continued for purposes of effectuating the proposed Settlements:

Brian R. Swiger
Brian A. Glasser
Jonathan R. Marshall
Victor S. Woods
John A. Budig
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301

Timothy R. Linkous
Linkous Law, PLLC
10 Cheat Landing, Suite 200
Morgantown, West Virginia 26508

J. Michael Benninger
Benninger Law, PLLC
Post Office Box 623
Morgantown, West Virginia 26507

Scott A. Windom
Windom Law Offices, PLLC
101 East Main Street
Harrisville, WV 26362

William E. Ford III
Ford Law Office
P.O. Box 231
Hobe Sound, Florida 33475

### IV. Rule 23 Requirements

5. The Court preliminarily finds that the requirements of Rule 23(e)(2) have been satisfied in that: (a) the class representatives and class counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the class is adequate, taking into account the fact that (i) the costs, risks, and delay of trial and appeal favor approval of the Settlement Agreements; (ii) Class Counsel and the class representatives have

proposed an effective method of distributing relief to the Settlement Class and have proposed a routinely approved method for processing class-member claims; (iii) Class Counsel's proposed award of attorneys' fees and costs is in line with other class settlements, as is the timing of payment, and the attorneys' fee and costs request will be the subject of a separate motion which will be considered by the Court; (iv) there is no agreement required to be identified under Rule 23(e)(3); and (d) the Settlement Agreements treat all class members equitably relative to each other as class members' identical claims are treated identically.

      6.    As the Court previously found in its Order Granting Motion for Class Certification (Doc. 483), the Court further finds that the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and the Court hereby preliminarily finds, in the specific context of the Settlements, that:

      a.    <u>Numerosity</u>: The Settlement Class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

      b.    <u>Commonality</u>: There are questions of law and fact, with regard to the alleged activities of Defendants, common to the Settlement Class.

      c.    <u>Typicality</u>: The claims of the Representatives Plaintiffs are typical of the claims of the Settlement Class they seek to represent. Therefore, in the context of this settlement the element of typicality is satisfied.

      d.    <u>Adequate Representation</u>: The Class Representatives' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members. The Class Representatives will fairly and adequately represent the interests of the Settlement Class. Additionally, this Court recognizes the experience of Class Counsel and finds under Fed. R.

Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class has been fully met.

    e.    <u>Predominance of Common Issues</u>: The questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members. In the context of these Settlements, these issues predominate over any individual questions, favoring class treatment.

    f.    <u>Superiority of the Class Action Mechanism</u>: The class action mechanism is ideally suited for treatment of the settlement of these matters. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country. Therefore, the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

7.    The Court further finds that: (i) the Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (ii) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by the Settlement Class Members; (iii) it is desirable to concentrate the claims in this forum; and (iv) it is unlikely that there will be difficulties encountered in administering the Settlements.

### V.    Preliminary Approval of the Settlement

8.    Pursuant to the Company Settlement Agreement, the Jay-Bee Companies have agreed to pay $38,467,289 to create the Settlement Fund, with a $10,000,000 earnest-money payment to be made the latter of either May 29, 2024, or within three (3) Business Days of entry of this Order. Under the terms of the Estate Settlement Agreement, the Estate has agreed to pay

$5,000,000 into the Settlement Fund if paid by the Estate over time, or $4,200,000 if paid by the Jay-Bee Companies within ten (10) days of the Final Order and Judgment approving these settlements. Amounts awarded to Class Counsel or the Class Representatives will be paid from the Settlement Fund. Class Members will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representatives' awards, and the costs of notice and administration are deducted.

9.   Having considered the motion for preliminary approval, the Settlement Agreements, and the exhibits thereto, the Court preliminarily finds that the Settlements are fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of this action, the fact that the Settlements are the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

### VI.   Notice and Administration

10.   The Court appoints ILYM Group, Inc. to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreements—including effectuating the Notice Plan—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlements.

11.   The Court has carefully considered the notice program set forth in the Settlement Agreements. The Court finds that the notice program constitutes the best notice practicable under the circumstances and satisfies fully the requirements of Rule 23(c)(2), and the requirements of due process. The notice states in clear and concise language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues and defenses; (iv) that a class member may enter an appearance through an attorney if the Settlement Class Member desires; (v) that the

Court will exclude from the Settlement Class any class member who requests exclusion; (vi) sets a clear time and manner for requesting exclusion; and (vii) clearly explains the binding effect of a class judgment on members under Rule 23(c)(3).

12. The Court thus approves the notice program and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreements. The Settlement Administrator shall cause the Notice Plan to be implemented on or before **August 16, 2024**. Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the notice program.

13. All costs of providing Notice to the Settlement Class, processing any exclusion requests, and administering distributions from the Settlement Fund shall be paid out of the Settlement Fund, as provided by the Settlement Agreements.

### VII. Exclusion and "Opt-Outs"

14. Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlements, including the release of all claims to the extent set forth in the Settlement Agreements, unless such persons request exclusion from the Settlements in a timely and proper manner, as hereinafter provided.

15. A member of the Settlement Class wishing to request exclusion (or "Opt-Out") from the Settlements shall mail the request in written form, by first class mail, postage prepaid, and must be received no later than **October 15, 2024** (the "Opt-Out Deadline") by the Settlement Administrator at the address specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, and telephone numbers. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlements, and the

personal signature of the member of the Settlement Class submitting the request. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

16. Members of the Settlement Class who timely request exclusion from the Settlements will relinquish their rights to benefits under the Settlements and will not release any claims against the Defendants or any of the other Released Parties. For each Opt-Out Class Member, the Settlement Amount shall be reduced by the amount of damages attributable to the Opt-Out Class Member, and to the extent there is any dispute regarding the amount by which the Settlement Amount shall be reduced, the dispute shall be promptly submitted to the Special Master for a final, non-appealable resolution.

17. All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreements and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendants or any of the other Released Parties.

18. The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiffs shall file a list of all persons who have validly opted-out of the Settlements with the Court prior to the Final Approval Hearing.

## VIII. Objections

19. Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlements, to the award of attorneys' fees and

expenses, or to the compensation awards to the Class Representatives must submit to the Settlement Administrator a written statement that includes: his or her full name; address; telephone numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; the identity of any attorney consulted as to such objection; and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any objecting Settlement Class Member also must send a copy of the filing to the Settlement Administrator. The Court will consider objections to the Settlements, to the award of attorneys' fees and expenses, or to the compensation awards to the Class Representatives only if, on or before **October 15, 2024**, such objections and any supporting papers are first served on the Settlement Administrator.

20. A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlements and/or the request for attorneys' fees and expenses and/or the request for compensation awards to the Class Representatives will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlements, will be heard at the Final Approval Hearing.

21. Any member of the Settlement Class who does not opt out or make an objection to the Settlements in the manner provided herein shall be deemed to have waived any such objection

by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreements, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

### IX. Disputed Claims

22. The Court continues the appointment of David K. Hendrickson as Special Master for the purpose of effectuating the proposed settlements in this case. The Special Master shall have authority to resolve matters as set forth in the Settlement Agreements, including but not limited to the resolution of Disputed Claims.

23. Any Class Member who chooses to not Opt-Out, but desires to bring a Disputed Claim, must do so by providing a written notice of a Disputed Claim to the Settlement Administrator at the address provided in the Class Notice, postmarked no later than the Disputed Claim Deadline, which shall be fourteen (14) days after the Opt-Out Deadline. The written notice shall specify that the Class Member wishes to raise a Disputed Claim with the Special Master, and must:

   a. Identify the case name of the Lawsuit;

   b. Identify the name and address of the person or entity bringing the Disputed Claim;

   c. Be personally signed by the Class Member or an authorized representative of the entity bringing the Disputed Claim;

   d. Include a statement clearly identifying the nature of the Disputed Claim and identifying any evidence in support of the Class Member's Disputed Claim; and

   e. Proposing the relief sought by the Class Member as resolution of the Disputed Claim.

24. Final resolution of any Disputed Claims shall rest with the Special Master, and may be decided with or without a formal hearing. Disputed Claims shall be determined by the Special Master upon a review of the written notice provided by the Class Member as required herein, as

well as the Jay-Bee Companies' records and any records submitted by the Participating Class Member(s). The Special Master shall then submit a Claim Resolution Decision to the Participating Class Member involved in any Disputed Claims within fourteen (14) days of receiving a Disputed Claim. If the Claims Resolution Decision in favor of one Class Member results in a reduced Settlement Payment to another Class Member, the Claims Administrator shall promptly notify the affected Class Member.

25. All final decisions by the Special Master shall be final and binding on the Parties and Participating Class Members. There shall not be any further right of appeal.

26. In accord with the foregoing, the Special Master's Findings and Recommendations of April 30, 2024 with regard to certain disputed lease royalty provisions, (Doc. 601), are hereby **ADOPTED**.

### X.    Set Asides for Opt-Out Settlements

27. Plaintiffs have requested that the Court approve a set-aside process contained in the Company Settlement Agreement whereby a portion of the proceeds from any settlements between the Jay-Bee Companies and Settlement Class Members who opt out will be set aside to potentially compensate Class Counsel for the work preformed in this case, which work Class Counsel may claim benefitted such opt outs.

28. The Court finds that the proposed set-aside process is appropriate at this juncture, where Class Counsel have performed extensive work on behalf of all Class Members. *See Smilovits v. First Solar, Inc.*, No. CV2:12-cv-00555-DGC, 2019 WL 6841736 (D. Ariz. Dec. 16, 2019); *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 644, 653 (E.D. Pa. 2003).

29. The Court **ORDERS** that the following set-aside process shall apply to any settlements or judgments concerning unpaid royalties between the Jay-Bee Companies or their

affiliates and any Settlement Class Member who opts out of the proposed Settlements ("Opt-Out Class Member"):

  a. In the event that the Jay-Bee Companies or any one of them subsequently enter into a settlement with any Opt-Out Class Member that includes claims arising from the matters at issue in this action, the Jay-Bee Companies will deposit twenty-percent (20%) of the settlement amount agreed to between the Jay-Bee Companies and the Opt-Out Class Member into the Opt-Out Account and promptly notify Class Counsel of the settlement reached with the Opt-Out Class Member in accordance with Section 32 of the Company Settlement Agreement.

  b. Within fifteen (15) Business Days of the date on which the Jay-Bee Companies provide Class Counsel with notice of a settlement with an Opt-Out Class Member, Class Counsel, and counsel for the Opt-Out Class Member, if applicable, shall meet and confer and attempt in good faith to agree on an appropriate allocation of the set-aside funds. If counsel reach an agreement, they shall report to the Court and seek Court approval of the agreed-upon allocation. If no agreement is reached, and within ten (10) Business Days of reaching impasse, Class Counsel shall file with the Court an application for compensation supported by a showing of relevant common benefit work performed and expenses incurred. Any opposition may be filed within ten (10) Business Days of the filing of the initial application, with any replies due no more than five (5) Business Days later. Whether or not Class Counsel and counsel for the Opt-Out Class Member reach agreement, the Court will make an independent determination of the reasonableness of fees to be awarded any counsel from the Opt-Out Account. Notwithstanding the foregoing, Class Counsel shall have the right to request that the Court award them up to one-third (1/3rd) of the amount of any settlement between the Jay-Bee Companies and any Opt-Out Class Member,

12

although such ruling shall have no bearing on the amount that the Jay-Bee Companies agree to pay as a settlement to any Opt-Out Class Member.

c. No amounts shall be paid from the Opt-Out Account unless and until approved by the Court.

## XI. Final Approval Hearing

30. A Final Approval Hearing will be held before the Court on **December 12, 2024, at 2:00 p.m.** for the following purposes:

a. to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;

b. to determine whether the Settlements are fair, reasonable and adequate, and should be approved by the Court;

c. to determine whether the judgment as provided under the Settlement Agreements should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreements;

d. to consider the application for an award of attorneys' fees and expenses of Class Counsel;

e. to consider the application for compensation awards to the Class Representatives;

f. to find that the Court has personal jurisdiction over all Plaintiffs and Settlement Class Members, that the Court has subject matter jurisdiction over the claims asserted in the Lawsuit, and that venue is proper;

g. to adjudge and approve, pursuant to Federal Rule of Civil Procedure 23, in all respects, the settlement of the Lawsuit pursuant to the terms described in the Settlement

Agreements and approve the terms of the Settlement Agreements as fair, reasonable, and adequate and in the best interests of the Class as a whole in accordance with the Federal Rules of Civil Procedure;

  h. to finally approve the Settlement Agreements;

  i. to finally certify the Class for settlement purposes only;

  j. to find that the notice and the notice dissemination methodology complied with all laws, including, but not limited to, FED. R. CIV. P. 23 and the Due Process Clause of the United States Constitution;

  k. to find that Settling Defendants have complied with all requirements associated with the CAFA Notice;

  l. to incorporate the Releases set forth in the Settlement Agreements and make the Releases effective as of the date of the Final Order and Judgment;

  m. to issue a permanent injunction enjoining Class Members from challenging in any action or proceeding any matter covered by the Settlement Agreements;

  n. to dismiss on the merits and with prejudice all Plaintiffs, Class and individual claims in the Lawsuit against the Settling Defendants and find that Plaintiffs and the Participating Class Members have compromised and released all claims against the Settling Defendants, as set forth in Section 25, following the Court's issuance of the Final Order and Judgment;

  o. to include all relief to be provided as part of this Settlement;

  p. to retain jurisdiction of all matters relating to the interpretation and enforcement of the Settlement, the Settlement Agreements, and supervision of the Settlement Administrator and the Qualified Settlement Fund;

  q. to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreements; and

  r. to rule upon such other matters as the Court may deem appropriate.

31. Class Counsel shall serve a motion for an award of attorneys' fees and expenses and for compensation awards to the Class Representatives on or before **September 16, 2024**.

32. Class Counsel shall file and serve a motion for final approval of the Settlements on or before **December 5, 2024**.

33. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreements that will adjudicate the rights of all class members.

34. For clarity, the deadlines the Parties shall adhere to are as follows:

| ACTION | DATE |
| --- | --- |
| Jay-Bee Companies to Deposit Earnest Money | The latter of May 29, 2024, or within three (3) Business Days of entry of this Order |
| Settlement Administrator to Issue Class Notice | August 16, 2024 |
| Class Counsel's Fee Motion and Plaintiffs' Motion for Compensation Awards to Class Representatives Due | September 16, 2024 |
| Exclusion/Objection Deadline | October 15, 2024 |
| Settlement Administrator to provide list of Class Members who have opted out or objected to proposed Settlements | October 22, 2024 |
| Deadline for Class Members to bring Disputed Claims | October 29, 2024 |

| | |
|---|---|
| Deadline for Defendants to notify Plaintiffs of any termination of Settlement based upon Minimum Required Approval Percentage not being met | October 29, 2024 |
| Plaintiffs to file Motion for Final Settlement Approval | ~~December 5, 2024~~ November 14, 2024 |

35. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## XII. Further Matters

36. All discovery and other pretrial proceedings in this action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreements and this Order.

37. In the event that either or both of the Settlement Agreements are terminated under the terms thereof, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) with the exception of Earnest Money paid under the Company Settlement Agreement, the Settlement Agreements shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this action, and shall not be used in this action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreements shall not shield from subsequent discovery any factual information provided in

16

connection with the negotiation of the Settlement Agreements that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

38. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlements.

DATED: May __15__, 2024

Hon. John Preston Bailey, Judge
United States District Court