IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

BRENDA LEA HOPPER, et al.,
individually and on behalf of
other persons and entities similarly situated,

    *Plaintiffs*,

and              Case No. 5:20-cv-101 (Lead)
                (Consolidated with 5:20-cv-110)
                Hon. Judge John P. Bailey

JUDITH E. ASH-YOUNG, individually and
on behalf of all other persons and entities
similarly situated,

    *Plaintiff*,

vs.

JAY-BEE OIL & GAS, INC., *et al*.,

    *Defendants*.

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

  Plaintiffs Brenda Lea Hopper and Debra Lynn Kurfis, as Executrixes of the Estate of Allen Smith, Richard L. Armstrong, Donald R. Reynolds, and Judith E. Ash-Young, (collectively, "Plaintiffs") submit this Memorandum in support of *Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards* filed concurrently herewith (the "Motion").

### I. INTRODUCTION

  After prosecuting this case without payment for more than four years—through the completion of all fact and expert discovery, dispositive motion briefings, and a contested (and appealed) grant of class certification—Class Counsel negotiated a settlement with the Jay-Bee

Defendants[1] and the Estate[2] on the eve of trial. This settlement provides to each class member who had deductions for post-production expenses improperly taken from their royalty, reimbursement of deductions plus interest, less attorney fees, costs, compensation for class representatives, and a discount factor to ensure up-front payment. Further, the settlement provides prospective relief: the Jay-Bee Defendants will only take permissible deductions moving forward, and for any improper deductions taken outside of the settlement period (January 2024 production onward), these deductions will be fully refunded with statutory interest—and Class Counsel are ***not*** requesting attorney's fees on this amount, which is estimated to provide approximately $2 million in additional relief to class members for 2024 alone. Finally, the settlement includes an additional payment from the Estate.

The two settlements provide an excellent result for Plaintiffs and Class Members. Combined, the settlements total $42,667,289. The Parties worked for months to re-create the Jay-Bee Defendants' accounting system to accurately determine each specific class member's damages on a lease-by-lease and well-by-well basis to ensure the most accurate settlement figure possible. Class Counsel spent many hours ensuring the accuracy of deduction reimbursements due to class members. Obtaining this settlement figure faced significant hurdles considering the precarious financial state of the Jay-Bee Defendants. Indeed, such a payment would have previously been impossible for the Jay-Bee Defendants due to an existing first-lien facility—but the parties were able to craft a settlement agreement that facilitates and encourages a refinancing of the Jay-Bee

---

[1]Jay-Bee Oil & Gas, Inc., JB Exploration I, LLC, JB Exploration II, LLC, Jay-Bee Production Company, BB Land, LLC, Jay-Bee Royalty, LLC, JBU, LLC, Abacus Union, LLC, and DMRB Services, LLC (the "Jay-Bee Companies"); Deborah V. Broda-Morgan ("Broda-Morgan") collectively, the "Jay-Bee Defendants".

[2]Randall J. Broda in his individual capacity, the Estate of Randall J. Broda, and/or Peter Sachs as Administrator Ad Litem of the Estate of Randall J. Broda (the "Estate").

Defendants' debt and permits the settlements to be paid immediately.

Class Counsel devoted a significant amount of time and effort to achieve this result for Class Members. In total, Class Counsel spent a collective 15,598.55 hours over a four-year period to reach this settlement with the Defendants. Plaintiffs request attorneys' fees (one-third of the combined settlements[3]) of $14,098,498.48, reimbursement of $1,311,389.34 in expenses[4], and $30,000.00 service awards ($25,000 from the company settlement and $5,000 from the estate settlement) to each of the class representatives (for a combined total of $120,000.00) whose participation made the outstanding result possible, an amount well within the range awarded by this Court and others in similar cases, as discussed below.

## II.    LITIGATION HISTORY

On January 17, 2020, Plaintiff Allen Smith[5] filed a class action complaint, Civil Action 20-C-2H, in the Circuit Court of Tyler County, West Virginia. In the class action complaint, Plaintiff Smith alleged that certain Jay-Bee Companies breached their lease agreements with Plaintiff Smith and class members by taking impermissible deductions for post-production expenses from Plaintiff and class members' royalties. (Doc. 15). Plaintiff Smith sought damages for, among other things, breach of contract, breach of fiduciary duty, breach of implied covenant of good faith and fair

---

[3]Plaintiffs' fee request is effectively less than one-third of the total settlement to ensure that all Settlement Class Members receive the $100.00 minimal payments called for in the Settlement Agreements. This adjustment is approximately $123,931.20 in total.

[4]As part of the settlement, Defendants made a $10,000,000.00 earnest money payment into a qualified settlement fund. To date, $756,629.50 has been paid or authorized for payment from this fund for settlement expenses including, Special Master fees, settlement administration, and forensic accounting fees. *See* Doc. 610 (order authorizing the payment from qualified settlement fund of invoices from the parties' jointly retained forensic accounting expert, Stout Risius Ross, LLC). Class Counsel anticipate additional money from this earnest money payment to be paid for settlement administration, forensic accounting, the services of the Special Master, and other fees that may arise during the administration and distribution of this settlement.

[5]Plaintiff Smith later died, and was substituted with Plaintiffs Brenda Lea Hopper and Debra Lynn Kurfis, as the Co-Executrixes of Plaintiff Smith's Estate.

3

dealing, conversion, misrepresentation, fraud and concealment, civil conspiracy, and negligence.

On May 21, 2020, Plaintiff Judith Ash-Young filed her class action complaint, Civil Action 20-C-20-H, in the Circuit Court of Tyler County, West Virginia. In the class action complaint, Plaintiff Ash-Young alleged that certain Jay-Bee Companies breached their lease agreements with Plaintiff Ash-Young and class members by taking impermissible deductions for post-production expenses from Plaintiff's and class members' royalties. Plaintiff Ash-Young sought damages for among other things, breach of contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, conversion, misrepresentation, fraud and concealment, civil conspiracy, and negligence.

Jay-Bee Oil & Gas, Inc.; Jay-Bee Production Company; JB Exploration I, LLC; Jay-Bee Royalty, LLC; and Randall J. Broda removed Civil Action No. 20-C-2H to the United States District Court for the Northern District of West Virginia on May 22, 2020, as Civil Action No. 5:20-CV-101, and Defendant Randall J. Broda filed his answer denying all liability on June 12, 2020.

Jay-Bee Oil & Gas, Inc.; Jay-Bee Production Company; JB Exploration I, LLC; Jay-Bee Royalty, LLC; and Randall J. Broda removed Civil Action No. 20-C-20-H, to the United States District Court for the Northern District of West Virginia on June 11, 2020, as Civil Action No. 5:20-CV-110, and Jay-Bee Oil & Gas, Inc.; Jay-Bee Production Company; JB Exploration I, LLC; Jay-Bee Royalty, LLC; and Randall J. Broda filed an answer denying all liability on June 22, 2020.

On June 11, 2020, Plaintiffs Allen E. Smith and Judith Ash-Young filed a Motion to Consolidate these two civil actions, *Ash-Young v. Jay-Bee Oil & Gas, et al.*, Civil Action No. 5:20-CV-110 and *Smith v. Jay-Bee Oil & Gas, Inc. et al.*, Civil Action No. 5:20-CV-101, which the Court granted in part on June 29, 2020, and designated the consolidated action as Civil Action No. 5:20-CV-101.

Plaintiffs filed their First Amended Class Action Complaint on October 21, 2020, adding Richard L. Armstrong and Donald R. Reynolds as additional plaintiffs, and adding BB Land, LLC; JB Exploration II, LLC; Abacus Union, LLC; DMRB Services, LLC; JBU, LLC; and Deborah V. Broda-Morgan as additional defendants (Doc. 10). Defendants Jay-Bee Oil & Gas, Inc.; Jay-Bee Production Company; JB Exploration I, LLC; Jay-Bee Royalty, LLC; and Randall J. Broda filed an answer to Plaintiffs' First Amended Class Action Complaint on November 4, 2020, denying all liability. Defendants Abacus Union, LLC; JBU, LLC; BB Land, LLC; JB Exploration II, LLC; and DMRB Services, LLC filed an answer to Plaintiffs' First Amended Class Action Complaint on January 20, 2021, denying all liability. Defendant Deborah V. Broda-Morgan filed an answer to Plaintiffs' First Amended Class Action Complaint on February 16, 2021, denying all liability.

Thereafter, the Parties engaged in extensive discovery. The Parties exchanged written discovery, and Defendants produced more than 2.6 million pages of documents. Plaintiffs were deposed, and counsel for Plaintiffs took numerous fact and Rule 30(b) depositions. Discovery in this case was incredibly detailed and contentious. Class Counsel filed three motions to compel which were granted by the Court (Doc Nos. 201, 310, and 517) leading to the additional production of key documents. Additionally, Class Counsel took and defended over twenty fact, corporate representative, and expert depositions.

A Suggestion of Death of Defendant Randall J. Broda was filed on March 29, 2022. Plaintiffs filed a Motion to Substitute Party on June 24, 2022, requesting the Court enter an order substituting Deborah V. Broda-Morgan, Personal Representative of the Estate of Randall J. Broda, as the proper defendant to replace Randall J. Broda (deceased), which the Court granted on July 19, 2022.

Following the review of hundreds of thousands of pages of discovery detailing how the Jay-Bee Defendants conducted their internal accounting procedures, Plaintiffs filed their Second

Amended Complaint on October 19, 2022, adding a fraud claim against the Defendants. (Docs. 323 and 324). Defendants moved to dismiss Plaintiffs' Second Amended Complaint (Doc. 336), which the Court denied. (Doc. 361). Defendants thereafter moved the Court to reconsider this ruling, (Doc. 346), which was denied following Plaintiffs' opposition. (Doc. 413).

On February 2, 2023, Plaintiffs filed Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment on Breach of Contract, wherein Plaintiffs identified fifteen (15) different royalty provisions from various lease forms at issue in the Lawsuit and categorized them into fifteen (15) lease categories in Exhibit 1 to the motion.

On February 2, 2023, Plaintiffs filed Plaintiffs' Memorandum in Support of their Motion for Partial Summary Judgment (Alter Ego) (Doc. 373), which the Court granted, in part, on March 15, 2023. (Doc. 478). Also on February 2, 2023, Plaintiffs filed Plaintiffs' Motion for Class Certification and accompanying Memorandum in Support requesting that the Court certify the Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. (Docs. 370 & 371). On April 4, 2023, the Court granted Plaintiffs' Motion for Class Certification certifying a class of all persons and entities, including their respective successors and assigns, who, since May 21, 2010, were paid or due royalties from any of the Jay-Bee Companies under the Class Leases. Excluded from the Class are: (1) agencies of the United States of America; (2) publicly traded oil and gas exploration companies; (3) the Defendant Companies, their corporate affiliates, and their current officers and employees; and (4) any person whose royalty underpayment claim against the Jay-Bee Companies is subject to a binding arbitration provision. (Doc. 483).

On April 11, 2023, the Court adopted Plaintiffs' categorization of certain royalty provisions into fifteen (15) lease categories and partially granted Plaintiffs' Motion for Partial Summary Judgment on Breach of Contract on certain of the aforementioned lease categories. (Doc. 491).

While briefing the above-described motions, on March 14, 2023, Class Counsel moved to

intervene in *Jay-Bee Production Company et al. v. Michelle Broda et al.* CC-43-2023-C-1, an action pending in the Circuit Court of Ritchie County, West Virginia, in order to protect the class members' interest in said action. (*See* **Ex. 1**, Motion to Intervene). The circuit court granted Plaintiffs' motion (*see* **Ex. 2**), and Class Counsel diligently protected the class's interest in this state court action.

Defendants subsequently filed their Petition to Appeal this Order with the Court of Appeals of the Fourth Circuit. The Parties fully briefed this issue, and the Fourth Circuit denied Defendants' request for appeal on July 26, 2023.

On June 27, 2023, Peter A. Sachs, as Administrator Ad Litem on behalf of the Estate of Randall J. Broda ("Sachs"), moved the Court to substitute himself for Deborah V. Broda-Morgan as the representative for the Estate of Randall J. Broda, (Doc. 524), which was granted by the Court on June 28, 2023. (Doc. 525). On June 28, 2023, counsel of record for Sachs appeared in the Lawsuit.

Thereafter Plaintiffs, the Jay-Bee Companies, and Broda-Morgan engaged in lengthy, arm's length, settlement negotiations with the aid of an experienced mediator, David Hendrickson. After numerous in-person meetings, online meetings, and telephone calls, on November 18, 2023, Plaintiffs, the Jay-Bee Companies, and Broda-Morgan executed a settlement term sheet wherein Plaintiffs, the Jay-Bee Companies, and Broda-Morgan agreed to the terms of the Company Settlement Agreement (the "Company Settlement").

On or about January 2, 2024, Plaintiffs and the Estate likewise entered into a term sheet setting forth the terms of a proposed settlement, which terms have been incorporated into the Estate Settlement Agreement (the "Estate Settlement"). The proposed settlement between Plaintiffs and the Estate is the result of lengthy, arm's length settlement negotiations with the aid of experienced mediators, including David Hendrickson and the Honorable Christopher S. Sontchi, that involved

7

numerous in-person and online meetings and telephone calls. All the while, Class Counsel protected the Class Members' interest in a related probate matter regarding the Estate, *Re: Estate of Randall J. Broda*, Case No. 502022CP00212XXXXNB, which was pending the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Probate Division. Class Counsel sat in on numerous depositions and the trial in this matter which concluded with the Florida Probate Court approving the class action settlement. (*See* **Ex. 3**, Agreed Order on Administrator Ad Litem's Amended Motion for Court Approval of Class Action Settlement).

The Court granted preliminary approval of the Company Settlement and the Estate Settlement on May 15, 2024. (Doc. 608).

### III.   ARGUMENT

**A.   An attorneys' award of one-third of the common fund is customary, reasonable and justified.**

**1.   This Court awards fees based on the percentage of fund method.**

The common fund doctrine is one of the earliest recognized exceptions to the "American Rule," which generally requires that litigants bear their own costs and attorney's fees. Premised on the equitable power of the court, the common fund doctrine allows a person who maintains a suit that results in the creation of a fund in which others have a common interest, to be reimbursed from that fund for the litigation expenses incurred. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

This Court and others in the Fourth Circuit "overwhelmingly" prefer the percentage method in common-fund cases, *Phillips v. Triad Guar. Inc.,* No. 1:09CV71, 2016 WL 2636289, at *2 (M.D.N.C. May 9, 2016), and "the vast majority of courts of appeals now permit or direct district courts to use" this method. Manual for Complex Litigation § 14.121 (4th ed. 2011), at n.483, n.484, n.485 (listing cases by circuit); *In re Monitronics International, Inc., Telephone Consumer Protection Act Litigation,* No. 1:13-md-02493, Final Approval Order and Judgment

8

(ECF 1214) at 11 ("Monitronics Final Approval Order") (N.D. W. Va., June 12, 2018) (Bailey, J.) (citing *Dijkstra v. Carenbauer*, No. 5:11–CV–00152, 2016 WL 6804980, at *4 (N.D. W.Va. July 12, 2016) (Bailey, J.) (approving settlement and attorneys' fee application in consumer class action); *Muhammad v. Nat'l City Mortg., Inc.*, 2:07-0423, 2008 WL 5377783, at *6 (S.D. W.Va. Dec. 19, 2008) ("Where there is a common fund in a class settlement, application of a percentage method to calculate an attorney's fee award is now favored."); *Hoskins v. AB Resources, LLC*, 5:12–cv–78, 2014 WL 12756365, at *3 (N.D. W. Va. Nov. 17, 2014) ("The contingent or percentage method is now the preferred method to be used in determining attorneys' fees in a class action case")). The percentage method "better aligns the interests of class counsel and class members because it ties the attorneys' award to the overall result achieved rather than the hours expended." *Jones v. Dominion Res. Services, Inc.*, 601 F. Supp. 2d 756, 758-59 (S.D. W.Va. 2009), *citing* Third Circuit Task Force Report, *Selection of Class Counsel,* 208 F.R.D. 340, 355 (Jan. 15, 2002).

**2.    A one-third is presumptively reasonable and is regularly awarded by this Court and others.**

State and federal courts in West Virginia recognize the presumptive reasonableness of an attorney's fee equal to one-third of a class recovery. *Dijkstra*, 2016 WL 6804980, at *5 (N.D. W.Va. 2016) (approving fee request of one-third of the settlement fund, noting that one-third is presumptively reasonable in West Virginia), *citing Eriksen Const. Co., Inc. v. Morey*, 923 F. Supp. 878, 881 (S.D. W. Va. 1996)), *Vance v. DirectTV, LLC*, 5:17-cv-000179-JPB (N.D. W. Va. Aug. 24, 2023) (**Ex. 4**) (this Court finding that a one-third fee in a class TCPA case was reasonable); *Mey v. Monitronics*, 1:13-md-02493-JPB-MJA (N.D. W. Va. June 12, 2018) (**Ex. 5**) (this Court finding that a one-third fee in a class TCPA case was reasonable). Further, this Court has previously awarded one-third fee awards in oil and gas royalty underpayment cases, similar to the

9

present case. *See, e.g.*, *Kay Co., LLC v. EQT Prod. Co.,* No. 1:13-CV-151, 2019 WL 13160142, at *6 (N.D.W. Va. July 22, 2019).

### 3. A one-third fee is supported by the consideration of the relevant factors.

This Court has considered certain factors in analyzing the reasonableness of fees determined by the percentage of recovery method. *Dijkstra*, 2016 WL 6804980, at *5; *see also Muhammad*, 2008 WL 5377783, at *8. These factors include:

> (1) the size of the fund created and the number of persons benefited; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases.

*Id.* (*citing In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 733 (3rd Cir. 2001)).

Each is discussed below, and each fully supports a one-third fee.

#### a. *Size of the fund and the number of persons benefited.*

Here, the number of class members has been determined to be 3,431 royalty owners. These class members will be eligible to share in the benefits of the Settlement based upon their ownership percentage and royalties paid. The settlement fund totals $42,667,289, inclusive of $38,467,289 from the Jay-Bee Defendants and $4,200,000 from the Estate. The $38,467,289 settlement amount represents class damages for post-production expenses that were improperly deducted from royalties, plus interest, less a sixteen-percent discount credited to the Jay-Bee Defendants in exchange for up-front—and guaranteed—payment. Class members will receive their pro-rata share of this fund. Additionally, all class members will receive minimum settlement payments of $100 from each of the $38,467,289 and $4,200,000 settlement amounts.

#### b. *Objections*

The deadline for objections is October 18, 2024, so this factor is not discussed here.

### c.  *The skill of the attorneys and the difficulty of the case.*

This settlement was achieved only after four years of litigation that required briefing, oral advocacy, discovery development, appellate advocacy, and negotiation. Scores of contested motions were briefed, including two motions to dismiss, a successful motion for class certification, an appeal to the Fourth Circuit, and numerous successful motions for summary judgment by Class Counsel and defeating several motions for summary judgment by the Jay-Bee Companies. The case required extensive discovery, including the review of thousands of leases and a detailed review and understanding of the Jay-Bee Companies' financial and accounting documents for a period of 2010 through the present with over 2.6 million pages of documents produced.

Class Counsel have collective, substantial experience in a wide variety of class action and oil and gas litigation—making them well suited for the challenges presented, and for funding the litigation without payment for years.

### d.  *Complexity and duration of the litigation.*

As the extensive Litigation History section, *supra*, demonstrated, the case was highly complex, involving multiple dispositive motions, contested (and successful) class certification motion, an appeal, and two concurrent state court actions in Florida and West Virginia. Further, Class Counsel have litigated this case for over four years without payment.

### e.  **Risk of nonpayment.**

Plaintiffs bore a substantial risk of nonpayment here in moving for class certification and on appeal of the Court's order granting class certification. Additionally, the issue of deductions to post-production expenses has been hotly litigated in appellate courts—as demonstrated by the *Kellam* and *Corder* appeals[6] which were decided during the pendency of this case, and additional

---

[6]*SWN Prod. Co. v. Kellam*, 875 S.E.2d 216 (W. Va. 2022); *Corder v. Antero Res. Corp.*, 57 F. 4th 384 (4th Cir. 2023).

appeals[7] filed during the pendency of this case.

The risk of nonpayment in this case was further magnified by the financial health of the Jay-Bee Companies. In fact, the Florida probate court noted that it was "cognizant of the precarious financial state of the [Jay-Bee] Companies at this time" and pointed to credible evidence "that the Companies' continued viability is at a precipice for a variety of reasons . . . ."[8] In fact, payment of the amounts contemplated by the settlements would have been impossible because of a first lien credit agreement that precluded it. In order to ensure payment to the Class Members, the Parties have negotiated a settlement that facilitates and encourages a refinancing of hundreds of millions of dollars of debt to permit class members to be paid immediately.

The Fourth Circuit has strongly emphasized the importance of weighing risk when evaluating a fee award in a contingency case. *Abrams*, 605 F.3d at 245. *Abrams* involved the appeal of a district court's decision to reduce the attorneys' fees payable under an $18 million settlement from the one-third contained in the parties' contingency fee agreement, to three percent of the total. *Id.* at 242. In vacating and remanding the decision, the Fourth Circuit focused on the "chief error" in the district court's analysis – its failure to "recognize the significance of the contingency fee." *Id.* at 245. "[C]ontingency fees provide access to counsel for individuals who would otherwise have difficulty obtaining representation" and "provide attorneys due consideration for the risk they undertake." *Id.* at 245-46. The court stressed that without a percentage fee that compensates attorneys for risk, "many attorneys [would be] unwilling to accept the risk of nonpayment" if "the reward for accepting a contingency case is merely payment at the same rate they could obtain risk-

---

[7]*Romeo v. Antero Resources Corp.* 2023 WL 6612491 (N.D. W.Va. Oct. 10, 2023); *Kaess v. BB Land, LLC*, No. 1:22-CV-51, 2023 WL 5515741 (N.D. W. Va. Aug. 25, 2023).

[8]*See* Doc. 603-1 at PageID #17281 (*In re Estate of Randall J. Broda*, Case No. 20-2022-CP-002121-XXXX-NB, Order Grating Administrator Ad Litem's Motion for Approval of Settlement, ¶ 83 (Cir. Ct. of Palm Beach County, Florida May 9, 2024).

free for hourly work, while their downside is no payment whatsoever." *Id.* at 246.

All of these same considerations support a one-third fee. But for the enormous risk of loss assumed by Class Counsel, and Class Counsel's willingness to invest their time and money in prosecuting the claims for the class, this case never would have been brought, and the class members never paid.

    *f.*  *Amount of time devoted by Plaintiffs' counsel.*

Class counsel have invested a combined 15,598.55 hours in attorney and paralegal time in the case, as well as $1,292,112.67 in expenses. In summary[9]:

| Firm | Hours | Fees |
|---|---|---|
| Bailey & Glasser, LLP | 12,332.50 | $7,372,884.50 |
| Benninger Law, PLLC | 706.00 | $529,500.00 |
| Linkous Law Office | 1,030.75 | $755,212.50 |
| Ford Law Office | 76.10 | $34,245.00 |
| Windom Law Offices, PLLC | 1,453.2 | $1,089,900.00 |
| **Totals** | **15,598.55** | **$9,781,742.00** |

    *e.*  *Awards in similar cases.*

This factor is discussed *supra* at 8, where Plaintiffs list numerous recent fee decisions awarding fees of one-third of the common fund.

  **4.**  **A one-third fee award is reasonable in considering the future benefits obtained for the class.**

Courts have acknowledged that future benefits secured in a settlement should be considered

---

[9] *See* Declaration of Jonathan R. Marshall ("Marshall Decl.") (**Ex. 6**); Declaration of J. Michael Benninger (**Ex. 7**); Declaration of Timothy R. Linkous (**Ex. 8**); Declaration of Scott A. Windom (**Ex. 9**); and Declaration of William E. Ford III (**Ex. 10**).

in determining the reasonableness of attorneys' fees. *See, e.g.*, *Chieftain Royalty Co. v. XTO Energy Inc.*, No. CIV-11-29-KEW, 2018 WL 2296588, at *4 (E.D. Okla. Mar. 27, 2018) (oil and gas class action settlement where royalty calculations were to be changed as part of the settlement agreement helped support the reasonableness of an award $32,000,000 of attorney's fees); *Droegemueller v. Petroleum Dev. Corp.*, No. CIV.A.07-CV-2508, 2009 WL 961539, at *4 (D. Colo. Apr. 7, 2009) (court approving one-third fee and finding that reasonableness of award was in part supported by class counsel securing as part of the settlement the correct method for calculating future oil and gas royalties).

Here, the request for a one-third fee is supported by Class Counsel securing proper payment of royalties moving forward. Prior to—and indeed continuing during the four-year pendency of this lawsuit—the Jay-Bee Defendants paid nearly all royalties on a net basis.[10] That is, regardless of the lease language, the vast-majority of class members' royalty payments were calculated and paid with all post-production expenses deducted from royalties. As a result of this settlement, however, future royalty payments will be made in accordance with the rulings set forth in this Court's summary judgment ruling (Doc. 491) and the rulings of the Special Master appointed by the Court (Doc. 601). This result imbues a significant economic impact for class members moving forward and supports the reasonableness of Class Counsel's request of a one-third fee award.

Moreover, the settlement agreement contemplates class members being refunded improper deductions taken by Jay-Bee after the parties agreed to the settlement. The $38,467,289 settlement amount as to Jay-Bee contemplates improper deductions taken from royalties due 2010 through December 31, 2023, production. It is this total, plus the additional $4,200,000 secured from the Estate, that Class counsel request a fee award from. Under the terms of the Company Settlement,

---

[10]Certain, limited exceptions existed, such as owners that previously settled with the Jay-Bee Defendants, or newer leases signed by the Jay-Bee Defendants. However, the vast majority of class members' royalties were paid with all deductions for post-production expenses applied to their royalty.

any improper deductions taken on royalties for production after January 1, 2024, moving forward will be refunded by Jay-Bee with statutory interest. Importantly, Class Counsel are *not* requesting a fee award on this separate refund—nor is Jay-Bee receiving a sixteen percent discount on this amount. It is estimated that this will be an approximate $2 million benefit for the class as a whole for 2024 alone, not including the financial benefits that will accrue to class members in subsequent years as a result of the Jay-Bee Defendants' agreement to not take improper deductions in the future. Moving forward, this will be a significant economic benefit for Class Members as Jay-Bee continues to drill new wells and continue to make royalty payments on Class Members' leases. This additional, significant economic impact for class members supports the reasonableness of Class Counsel's request for a one-third fee award.

### 5. A lodestar cross-check further demonstrates the reasonableness of a one-third fee.

Some courts use a "lodestar crosscheck" to confirm the reasonableness of a percentage-based fee. *Jones,* 601 F. Supp. 2d at 756, 759 (collecting cases). To determine lodestar, courts multiply the reasonable hourly rate for each attorney by the number of hours reasonably expended. *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). "When the lodestar method is used only as a cross-check, however, courts need not 'exhaustively scrutinize[ ]' the hours documented by counsel and 'the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case.'" *Krakauer,* 2018 WL 6305785, *5 (quoting *Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 50 (2d Cir. 2000).

Here, the requested fee is amply supported by the lodestar multiplier crosscheck of 1.44. "Courts have found that lodestar multipliers ranging from 2 to 4.5 demonstrate the reasonableness of a requested percentage fee." *Phillips*, 2016 WL 2636289, at *8; *Jones v. Dominion Resources Services, Inc.*, 601 F. Supp. 2d 756, 766 (S.D. W. Va. 2009) ("[c]ourts have generally held that lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorney's fee"; approving

fee with multiplier of 3.4) (citations omitted); *see also Smith v. Res-Care, Inc.,* No. 3:13-5211, 2015 WL 6479658, at *7 (S.D. W.Va. October 27, 2015) (approving fee of one-third, with lodestar cross check of 1.15, citing range of 2 to 4.5); *Singleton v. Domino's Pizza, LLC*, 976 F. Supp.2d 665, 689 (D. Md. 2013) (lodestar multipliers "on large and complicated class actions have ranged from at least 2.26 to 4.5); *Domonoske v. Bank of America, N.A.,* 790 F. Supp. 2d 466, 476 (W.D. Va. 2011) (approving multiplier of 1.8, which was easily within range of other cases).

**B.     The proposed litigation costs award is reasonable and appropriate.**

Courts routinely reimburse reasonable litigation costs to counsel seeking remuneration in an action for which they request attorneys' fees. The Fourth Circuit has held that such costs may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). This Court previously allowed for the recovery of reasonable costs in a similar royalty underpayment case. *See Kay Co., LLC v. EQT Prod. Co.*, No. 1:13-CV-151, 2019 WL 13160142, at *6-7 (N.D.W. Va. July 22, 2019).

The Settlement Agreement provides that Class Counsel may seek actual litigation costs incurred in the prosecution of this action, to be paid from the Settlement Amount. The Notice advised class members that Class Counsel will seek to recover out-of-pocket expenses. Between all firms, the total costs were $1,311,389.34. The cost items include data storage costs, expert witness and investigator costs, deposition transcripts, travel, mediation fees, and costs associated with creating the Stout database to accurately determine class damages.[11]

**C.     The proposed incentive awards are reasonable and appropriate.**

As this Court has recognized, "Incentive or service awards reward representative plaintiffs'

---

[11]*See* Marshall Decl., Ex. 6 at ¶ 5 & Ex. A for a breakdown of these costs by amount and category.

16

work in support of the class, as well as their promotion of the public interest." *Dijkstra*, 2016 WL 6804980, at *6 (awarding $10,000 service award) (cited authority omitted). Service awards "encourage socially beneficial litigation by compensating named plaintiffs for their expenses on travel and other incidental costs, as well as their personal time spent advancing the litigation on behalf of the class and for any personal risk undertaken." *Id*.

Here, each Plaintiff[12] requests an award of $30,000 ($25,000 from the Company Settlement and $5,000 from the Estate Settlement). This award is justified by the same rationale as this Court's $10,000 award in *Dijkstra*: "Had the Plaintiff not stepped forward to prosecute these claims, the rest of the class would have received nothing. [The Plaintiff] was interested and actively engaged in the direction of this litigation. The Plaintiff was available to counsel whenever needed." *Id.* at *6. Each Plaintiff devoted significant time to this action, assisting in developing the facts underlying the amended complaint in this action, making their initial disclosures, responding to request for documents, and answering interrogatories. Each Plaintiff sat for a deposition, and each was prepared to attend trial should the case have proceeded to trial. Without their willingness to file suit, no recovery would have been possible.

The proposed $30,000 awards are in line with awards from this Court and others across the country. *See Kay Co., LLC,* 2019 WL 13160142, at *6-7 (awarding $50,000 to class representatives)*; See Venture Data* Final Approval Order at 6 (awarding $15,000 to class representative); *Patriot Payment Group* Final Approval Order at 6 (awarding $20,000 to class representative); *Monitronics* Final Approval Order at 12-13 (awarding $35,000, $30,000, $6,000; and $3,500). *See also Ikuseghan v. Multicare Health Sys.,* No. C14-5539 BHS, 2016 WL 4363198, at *3 (W.D. Wash. Aug. 16, 2016) ($15,000 award); *Hageman*, 2015 WL 9855925, at *4 ($20,000

---

[12]The Plaintiffs who would receive the requested awards are (1) Brenda Lea Hopper and Debra Lynn Kurfis, collectively, as Executrixes of the Estate of Allen Smith; (2) Richard L. Armstrong; (3) Donald R. Reynolds; and (4) Judith E. Ash-Young.

award); *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 131 (S.D.N.Y. 2009) (awards as high as $35,000-$45,000 "are within the range of what other courts have found to be reasonable" (citation omitted)); *Jones v. I.Q. Data Int'l, Inc.*, No. 1:14-CV- 00130-PJK-RHS, 2015 WL 5704016, *2 (D. N.M. Sept. 23, 2015) ($20,000 incentive award from a $1 million common fund).

Given Plaintiffs' personal contributions to the successful prosecution of this action, each Plaintiff should be granted an incentive award in the amount of $30,000.

### IV.  CONCLUSION

For all of the foregoing reasons, the requested attorneys' fees of $14,098,498.48, litigation costs of $1,311,389.34, and service awards of $30,000 to each of the named class representatives should be approved.

Dated:  September 16, 2024.            Respectfully submitted,

/s/ Jonathan R. Marshall
Brian R. Swiger (WV Bar No. 5872)
Brian A. Glasser (WV Bar No. 6597)
Jonathan R. Marshall (WV Bar No. 10580)
Victor S. Woods (WV Bar No. 6984)
John A. Budig (WV Bar No. 13594)
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV  25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
bswiger@baileyglasser.com
bglasser@baileyglasser.com
jmarshall@baileyglasser.com
vwoods@baileyglasser.com
jbudig@baileyglasser.com

Timothy R. Linkous (WV Bar No. 8572)
Jenny L. Hayhurst (WV Bar No. 11752)
**LINKOUS LAW, PLLC**
10 Cheat Landing, Suite 200
Morgantown, West Virginia 26508
Telephone: (304) 554-2400

Facsimile: (304) 554-2401
tim@linkouslawpllc.com

J. Michael Benninger (WV Bar No. 312)
**BENNINGER LAW, PLLC**
10 Cheat Landing, Suite 100
Morgantown, West Virginia 26508
Telephone: (304) 241-1856
Facsimile: (304) 241-1857
mike@benningerlaw.com

Scott A. Windom (WV Bar No. 7812)
**WINDOM LAW OFFICES, PLLC**
101 East Main Street
Harrisville, WV 26362
Telephone: (304) 643-4440
swindom@windomlawoffices.com

and

William E. Ford III (WV Bar No. 1246)
P.O. Box 231
Hobe Sound, Florida 33475
Telephone: (304) 626-3116
clarksburgwvlawyer@gmail.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. Notice of this filing will be sent by e-mail to all parties' counsel of record by operation of the Court's electronic filing system, as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jonathan R. Marshall*
Jonathan R. Marshall (WVSB #10580)